IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES NATHANIEL DOUSE | ) |
| | ) |
| v. | ) NO. 3:20-00277 |
| | ) |
| NEAL COMMUNITIES OF | ) |
| SOUTHWEST FLORIDA, INC. | ) |

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## REPORT AND RECOMMENDATION

By Order April 6, 2020 (Docket Entry No. 4), the Court referred this *pro se* case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendant's motion to dismiss (Docket Entry No. 12), to which Plaintiff has responded in opposition. *See* Docket Entry No. 14. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be denied without prejudice to the extent that Defendant seeks dismissal of the case but that the case be transferred to the United States District Court for the Middle District of Florida because the case has been improperly filed in this Court.

### I. BACKGROUND

James Nathaniel Douse ("Plaintiff") alleges that he is a resident of Davidson County, Tennessee. On March 30, 2020, he filed this *pro se* lawsuit against Neal Communities of Southwest Florida, Inc. ("Neal Communities"), which he alleges is a Florida corporation. *See* Complaint (Docket Entry No. 1) at 9-10. Although Plaintiff's complaint is not a model of clarity, it appears that he is dissatisfied with certain issues related to his attempt to purchase a house from Neal Communities that is located in Parrish, Florida. *See* Docket Entry No. 1-8 at 2. Plaintiff contends

that he has been mistreated and has suffered discrimination, harassment, and retaliation in violation of his constitutional and statutory rights. He claims that various federal statutes, as well as the laws of the state of Florida, have been violated and seeks ten million dollars in relief. *See* Complaint at 11. Plaintiff asserts that diversity jurisdiction exists over his case under 28 U.S.C. § 1332(a)(1) and that venue in this District is appropriate under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2) because "a substantial part of the events giving rise to the claims occurred in this District and the unlawful conduct of Defendant, out of which the cause of action arose, took place in this District." *Id*. at 9.

In lieu of an answer, Defendant has filed the pending motion to dismiss, raising three grounds for dismissal. Defendant first seeks dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure, asserting that it is a Florida corporation that has no contacts with Tennessee and that Plaintiff has failed to establish that this Court has personal jurisdiction over it. *See* Memorandum of Law in Support (Docket Entry No. 13) at 6-13. Defendant next asserts that venue over the case is not proper in this District under 28 U.S.C. § 1391(b) and moves for dismissal under Rule 12(b)(3) or, alternatively, for the transfer of the case to another judicial district. *Id*. at 10. Finally, Defendant argues that dismissal is warranted under Rule 12(b)(6) because Plaintiff's claims have not been pled with the requisite modicum of particularity and he therefore fails to state claims upon which relief can be granted. *Id*. at 11-13. Defendant supports it motion with the affidavit of Michael Storey, the President of Neal Communities. *See* Docket Entry No. 13-1.

Plaintiff's response in opposition consists mainly of (1) an argument that diversity jurisdiction exists and (2) the reassertion of some of the claims and allegations set out in his complaint. *See* Response (Docket Entry No. 14). Although Plaintiff includes quotations from 28 U.S.C. § 1391 and from two cases that address the issue of personal jurisdiction, *id*. at 5-7, he fails to actually address Defendant's contention that this Court does not have personal jurisdiction over it and that venue is improper in this Court. Finally, Plaintiff asserts, without explanation, that if the Court determines that it lacks personal jurisdiction over Defendant and lacks venue over the case, that the case be transferred to the Northern District of Georgia. *Id*. at 7.

Defendant has filed a reply in which it argues that Plaintiff fails in his response to disprove any of the arguments for dismissal and that Plaintiff also fails to show any basis supporting transfer of the case to the Northern District of Georgia. *See* Reply (Docket Entry No. 17). Additionally, Defendant points out that, on April 30, 2020, Plaintiff completed the purchase of the home that is at issue. *Id*. at

## II. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to file a motion to dismiss for lack of personal jurisdiction. Due process requires that a defendant be subject to the personal jurisdiction of the court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). There must be a showing that Defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The burden is on the plaintiff to show that this Court has personal jurisdiction over a defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). The burden of establishing venue falls on the plaintiff, and, as here, on a motion to dismiss for improper venue, the Court may examine facts outside of the complaint but "must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Gone to the Beach, LLC, v. Choicepoint Serv.*, 434 F.Supp.2d 534, 536-37 (W.D. Tenn. 2006); *Ian v. Bottom Line Record Co.*, 2016 WL 8711721 at *2 (M.D.Tenn. July 1, 2016).

3

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

### III. CONCLUSIONS

Plaintiff's response to the motion to dismiss fails to rebut Defendant's arguments. Plaintiff does not appear to have a firm grasp on the issue of where his lawsuit should have been filed or the difference between meeting diversity jurisdiction requirements[1] and establishing both venue and personal jurisdiction. Plaintiff has not come close to establishing either that this Court has personal jurisdiction over Defendant or that venue over the case exists in this Court. He offers no support for the assertion in his complaint that a substantial part of the events at issue in this case occurred in the Middle District of Tennessee. Indeed, in his response to the motion to dismiss, Plaintiff actually appears to concede that his lawsuit should be transferred to another court. *See* Docket Entry No. 14 at 7.

A finding that personal jurisdiction over Defendant is lacking would usually require dismissal of the case. However, the Court also finds that this case has been improperly filed in this Court because Plaintiff fails to establish that venue exists under 28 U.S.C. § 1391(b). Section 1406(a) of Title 28 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, section

---

[1] As Defendant points out, diversity jurisdiction is not a critical issue because federal question subject matter jurisdiction over the case exists pursuant to 28 U.S.C. § 1331 in light of Plaintiff's allegations that he has been harmed by the violation of federal statutes.

1406(a) "confer[s] broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). Given Plaintiff's *pro se* status, the Court finds that the interests of justice require transfer of this case to the United States District Court for the Middle District of Florida, the judicial district where Defendant is located and where the property at issue is located.[2]

Defendant's argument that Plaintiff fails to state claims for relief is reserved for the court having the proper venue over this lawsuit.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Defendants' motion to dismiss (Docket Entry No. 12) be DENIED WITHOUT PREJUDICE to the extent that Defendant seeks dismissal of this action and that the action be TRANSFERRED to the United States District Court for the Middle District of Florida.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[2] *See* Affidavit of Storey, Docket Entry No. 13-1 at ¶¶ 6-7 and 14; 28 U.S.C. § 89(b).

5