# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES NATHANIEL DOUSE, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-00277 |
| NEAL COMMUNITIES OF SOUTHWEST FLORIDA, INC., | ) |
| Defendant. | ) |

## ORDER

Magistrate Judge Holmes has entered a Report and Recommendation ("R&R") (Doc. No. 18) in which she recommends that Defendant's Motion to Dismiss (Doc. No. 12) be denied without prejudice and that, in lieu of dismissal, the case be transferred to the Middle District of Florida where it could have been brought. Plaintiff has filed two Objections to the R&R (Doc. No. 19), neither of which is persuasive.

First, Plaintiff states that he did not file a consent and therefore, under 28 U.S.C. § 636(c)(1), Magistrate Judge Holmes was without authority to consider Defendant's Motion to Dismiss. While Section 636 does provide that a Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" only with the consent of the parties, the statute also provides that a judge "may designate a magistrate judge to submit recommendations on a dispositive motion[.]" 28 U.S.C. § 636(b)(1)(B). The same is true with the Federal Rules of Civil Procedure. Specifically, Rule 73(b)(1) provides that "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense[.]" Fed. R. Civ. P. 73(b)(1). That is precisely what occurred here and it is for this Court to determine, upon *de novo* review, whether

Magistrate Judge Holmes' R&R should be accepted. Fed. R. Civ. P. 73(b)(3).

Second, Plaintiff asserts he "is NOT [a] Resident of the State of Florida." (Doc. No. 19 at 2). That may be true, but his residency was never in issue. Rather, the questions addressed by Magistrate Judge Holmes were whether (1) Defendant was subject to personal jurisdiction because it had "certain minimum contacts with [Tennessee] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), and (2) venue was proper under 28 U.S.C. § 1391(b) because Defendant resides here, the events giving rise to the claims occurred in the district, or the property in dispute is in this district. Based upon the record before the Court, the obvious answer to all of these question is no.

Plaintiff may reside in Tennessee, but the events about which he complains relate to his attempt to purchase a house in Parrish, Florida from Neal Communities of Southwest Florida, a Florida corporation. The Court does not have personal jurisdiction over Neal Communities, nor is venue proper in this Court. As Magistrate Judge Homes aptly observed:

> Plaintiff does not appear to have a firm grasp on the issue of where his lawsuit should have been filed or the difference between meeting diversity jurisdiction requirements and establishing both venue and personal jurisdiction. Plaintiff has not come close to establishing either that this Court has personal jurisdiction over Defendant or that venue over the case exists in this Court. He offers no support for the assertion in his complaint that a substantial part of the events at issue in this case occurred in the Middle District of Tennessee.

(Doc. No. 18 at 4).

Accordingly, the R&R (Doc. No. 18) is **ACCEPTED** and **APPROVED** and Plaintiff's Objections thereto (Doc. No. 19) are **OVERRULED**. Defendant's Motion to Dismiss (Doc. No. 12) is **DENIED WITHOUT PREJUDICE** and this case is hereby **TRANSFERRED** to the United

2

States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE